1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6   GERARDO HERNANDEZ,                      Case No.  19-cv-07911-TSH

7                  Plaintiff,

8          v.                              **ORDER GRANTING MOTION FOR
                                            LEAVE TO FILE AMENDED
9   ROBERTS OF WOODSIDE, et al.,            COMPLAINT**

10                 Defendants.              Re: Dkt. No. 21

11

## I.     INTRODUCTION

Plaintiff Gerardo Hernandez brings this case to compel Defendants Roberts of Woodside dba Roberts Market and George Roberts Market Property LLC ("Defendants") to bring their property into compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.  He now seeks leave to file a first amended complaint under Federal Rule of Civil Procedure 15 to add alleged access barriers identified after filing his initial complaint.  ECF No. 21.  Defendants filed an Opposition (ECF No. 22) and Hernandez filed a Reply (ECF No. 24).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 20, 2020 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.

## II.    BACKGROUND

Hernandez is substantially limited in his ability to walk and must use a wheelchair for mobility.  Compl., ¶ 8, ECF No. 1.  On September 14, 2019, he went to buy lunch at Roberts Market, located at 3015 Woodside Road, Woodside, California.  *Id.* ¶¶ 1, 10.  Defendants own the facility.  *Id.* ¶ 7.  During his visit, Hernandez encountered barriers to his access, including uneven pavement at the entrance, a high counter at the meat department, and a restroom located on the

1 | second floor without an elevator or wheelchair-accessible route to access it. *Id.* ¶ 10.

2 Hernandez filed this case on December 3, 2019, bringing claims under the ADA, the

3 California Unruh Civil Rights Act, Cal. Civ. Code § 51(f), and California Health and Safety Code

4 section 19953. *Id.* ¶¶ 16-46. The matter proceeded under General Order 56, which stayed all

5 proceedings except for the requirement that the parties conduct a joint inspection of the facility,

6 meet and confer to discuss all claimed access violations and proposed corrections, and then attend

7 mediation if unable to settle. ECF No. 5. The Parties conducted the joint site inspection and in-

8 person meet and confer on February 27, 2020, and they attended mediation on May 15, 2020.

9 Moore Decl. ¶ 2, ECF No. 21-2. After the parties were unable to settle, the Court issued a Case

10 Management Order, setting a deadline of October 26, 2020 to seek leave to amend. ECF No. 20.

11 Hernandez filed the present motion on July 14, 2020.

## III.   LEGAL STANDARD

13 Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a

14 matter of course within 21 days of serving it. Further amendment of the pleadings is allowed with

15 the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The Court considers

16 five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2)

17 undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the

18 plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust*

19 *Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373

20 (2015). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon,*

21 *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a

22 court should determine whether to grant leave indulging "all inferences in favor of granting the

23 motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline

24 to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory

25 motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

26 allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma*

27 *Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman*

28 *v. Davis*, 371 U.S. 178, 182 (1962)).

United States District Court
Northern District of California

United States District Court
Northern District of California

## IV.   DISCUSSION

**A.      Bad Faith and Undue Delay**

As to the first two factors, the Court finds the proposed amendment is not sought in bad faith or with a dilatory motive.  Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early.  *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995).  Defendants argue Hernandez brings this motion in bad faith because his case is a "frivolous 'drive-by' lawsuit" and he should not be allowed to add new allegations "about alleged access barriers that he concededly never personally encountered and of which he had no knowledge until he sent his expert into the subject store to discover new alleged violations . . . ." Opp'n at 1-2.  They argue "[e]veryone already knows and fully understands that Plaintiff and his counsel are serial public accommodations vexatious litigants" and "[i]t is clear that Plaintiff's demand for relief based on 41 alleged barriers that he never encountered is a tactic to exert pressure on Defendants and to force a settlement." *Id.* at 2.  However, the mere fact that Hernandez may be a serial litigant is not cause to deny his motion to amend.  As the Ninth Circuit has noted, "most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.  District courts should not condemn such serial litigation as vexatious as a matter of course." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

Further, Defendants' argument that Hernandez improperly seeks to amend in an attempt to force settlement is unpersuasive because, as Defendants themselves note in their opposition, ADA plaintiffs have standing to sue for all barriers at a site, including those that were not personally encountered.  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) ("We hold that Doran has standing to sue for injunctive relief for all barriers in the North Harbor 7–Eleven store related to his specific disability, including those identified in his expert's site inspections."); *see also Curtis v. Home Depot U.S.A., Inc.*, 2014 WL 1419369, at *5 n.4 (E.D. Cal. Apr. 11, 2014) ("Defendants' argument that Plaintiff is attempting to 'shake down' Defendants and his motion to file an amended complaint is brought in bad faith so as to 'increase the nuisance settlement value

3

United States District Court
Northern District of California

1   of this law suit' is unpersuasive."); *Morales v. Ralphs Grocery Co.*, 2012 WL 6087699, *8 (E.D.

2   Cal., Dec. 6, 2012) (same).  At this stage in the proceedings, there is no indication that Hernandez

3   made false or grossly exaggerated claims of injuries in the original complaint or in the proposed

4   first amended complaint, and the Court finds no indication that his motion to amend is brought in

5   bad faith.

6           As to the second factor, "delay alone no matter how lengthy is an insufficient ground for

7   denial of leave to amend."  *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *Morongo*

8   *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Hernandez could not have

9   brought this motion until the General Order 56 stay was lifted by Court Order, and he filed it less

10  than three weeks after the Court issued its scheduling order.  Prior to filing his motion, Hernandez

11  provided the proposed amended complaint to Defendants' counsel on July 1, 2020, to inquire

12  whether Defendants would stipulate to the amendment.  Mot. at 2; Moore Decl. ¶ 4.  When

13  Defendants' counsel did not stipulate, Hernandez timely filed this motion.  These facts

14  demonstrate that Hernandez did not delay in bringing the proposed amendment.  *See Curtis*, 2014

15  WL 1419369, at *5 (no bad faith or undue delay where plaintiff provided a proposed amended

16  complaint together with a stipulation for its filing shortly after the site inspection, but defendants'

17  counsel did not stipulate to its filing).  Accordingly, these factors favor granting leave to amend.

18  **B.      Prejudice to the Opposing Party**

19          "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight.

20  *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185

21  (9th Cir. 1987)).  "The party opposing amendment bears the burden of showing prejudice."  *DCD*

22  *Programs*, 833 F.2d at 187 (citation omitted).  "Neither delay resulting from the proposed

23  amendment nor the prospect of additional discovery needed by the non-moving party in itself

24  constitutes a sufficient showing of prejudice."  *Tyco Thermal Controls LLC v. Redwood Indus.*,

25  2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

26          Here, although Hernandez's original complaint identified only the barriers he encountered

27  during his visit to Roberts Market, the complaint specifically noted he would add unencountered

28  barriers related to his disability if and when any such barriers were identified.  Compl. ¶ 11 ("it is

Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access"). Hernandez also noted his intent to amend the complaint to add unencountered barriers in the parties' joint case management statement. ECF No. 19 at 2-3 ("Plaintiff will be seeking leave to amend his complaint to add these additionally discovered barriers so that he can obtain an Order requiring that the Facility be fully accessible to him once the General Order 56 stay is lifted."). The Court's scheduling order subsequently set a deadline of October 16, 2020 for any amendments to the pleadings, which deadline Hernandez has met. Since Defendants have been on notice since the inception of this case that Hernandez would amend his complaint to specify additional barriers after an appropriate investigation, his proposed amendment does not unduly prejudice them. Defendants were aware that such an amendment was forthcoming and were thus in a position to plan for it and factor it into their defense of this case. *See Curtis*, 2014 WL 1419369, at *4 (granting leave to amend where the plaintiff noted both in his complaint and the parties' joint statement that he would amend to add unencountered barriers once identified). This factor therefore militates in favor granting the proposed amendment.

## C.      Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182.

As noted above, "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011); *Doran*, 524 F.3d at 1047 ("An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public

accommodation that are related to his or her specific disability"). Thus, an ADA plaintiff "need not have personally encountered all the barriers that impede his access to the [defendant] Store in order to seek an injunction to remove those barriers." *Chapman*, 631 F.3d at 951. In fact, under Ninth Circuit precedent, Hernandez must include in his complaint all barriers that form the grounds for his ADA discrimination claims. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (an ADA plaintiff must identify barriers to access in his complaint rather than permitting notice of each barrier to defendants through discovery); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006); *Curtis*, 2014 WL 1419369, at *5 ("[W]hen an ADA plaintiff identifies, after the filing of his initial complaint, additional barriers to access that are related to his disability, he must, in order to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), include those additional barriers in an amended complaint."). As Hernandez seeks to add alleged barriers discovered after he filed his original complaint, amendment is not futile.

Defendants acknowledge that Hernandez has the right to amend his complaint to seek injunctive relief, but they argue he improperly seeks both damages and injunctive relief for the additional alleged access barriers. Opp'n at 2-3. The California Unruh Act makes clear that "damages may be assessed pursuant to subdivision (a) based on each particular occasion that the plaintiff was denied full and equal access, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation . . . ." Cal. Civ. Code § 55.56(f). However, Hernandez clarifies that he is seeking the $4,000 minimum statutory damages for his visit to Roberts Market, not $4,000 for each barrier alleged in his complaint. Reply at 2. Thus, Defendants' argument is without merit.

Defendants also argue Hernandez "did not encounter *any* actionable access barriers, and therefore lacked standing to bring this lawsuit at all, much less the 41 new claims," because they "categorically deny that Plaintiff (or a person with Plaintiff's 'particular disability') would have encountered any of the 41 alleged access barriers identified by Plaintiff's expert." Opp'n at 3. They argue his claims are "without merit" and his allegations "are fundamentally inconsistent, in that Plaintiff alleges that he encountered barriers to entering the subject store, but then was

6

somehow nevertheless capable of entering the store in order to allegedly encounter additional barriers that were *inside* the store." *Id.* (emphasis in original).  As a preliminary matter, "'[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cty.*, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)).  Thus, "'denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'"  *dpiX LLC v. Yieldboost Tech, Inc.*, 2015 WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010)).  Further, it is well settled that an ADA plaintiff does not have to be completely barred from a facility in order to seek redress.  "Under the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way."  *Chapman*, 631 F.3d at 947.

Regardless, based on the allegations in both his original and proposed first amended complaint, the Court finds Hernandez has established standing.  "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  There are two ways to demonstrate standing under the ADA: Hernandez must show that he has either suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises.  *Chapman*, 631 F.3d at 944.

Here, Hernandez alleges he is physically disabled and uses a wheelchair, he personally encountered barriers related to his disability (the lack of an accessible travel route from the disabled parking space to the store's entrances, a counter that was too high, and an inaccessible

restroom) that interfered with his access to the store's facilities and services, and that he is deterred from visiting the store because he knows its "goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed."  Compl. ¶¶ 10, 12.  These allegations satisfy the requirements of Article III standing.  *See Curtis*, 2014 WL 1419369, at *5 (finding plaintiff established standing where he alleged he is physically disabled and restricted to a wheelchair, personally encountered a barrier related to his disability (the lack of an accessible travel route from the disabled parking space to the store's entrances), and that he intended to return once the barriers are removed).  Hernandez now seeks to amend his original complaint only to include additional, un-encountered barriers that were identified after the filing of the original complaint.

In sum, the Court finds that Hernanez's proposed first amended complaint adequately pleads facts to demonstrate that he has standing to bring his discrimination claims in this action and provides fair notice to Defendants of all the grounds underlying these claims.  As such, his amended complaint is not futile, and this factor weighs in favor of allowing the amendment.

**D.    Previous Amendments**

Although courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted, *see Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citation omitted), Hernandez has not previously filed an amended complaint.  Therefore, this factor also favors granting leave to amend.

## V.    CONCLUSION

As all the applicable *Foman* factors favor allowing the proposed amendment, the Court **GRANTS** Hernandez's motion for leave to file a first amended complaint.  Hernandez shall file the amended complaint by August 7, 2020.  No chambers copy is required.

**IT IS SO ORDERED.**

Dated: August 5, 2020

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

8